IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-19,519-05






EX PARTE DONALD E. HILLYER, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. 74086 IN THE 299TH JUDICIAL DISTRICT COURT 

OF TRAVIS COUNTY




 Per curiam.

 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant was convicted of the offense of aggravated sexual assault, and punishment was
assessed at confinement for twenty-eight years. No direct appeal was taken.

 Applicant contends, inter alia, that he has been denied credit from August 6, 2001,
to December 21, 2001, and from March 19, 2003, to August 20, 2003, for time spent
confined in an intermediate sanction facility, which was served before the parole revocation
warrant was withdrawn. 

 The trial court has entered findings of fact or conclusions of law finding that the
Parole Board was allowed to impose confinement in an intermediate sanction facility as a
condition of Applicant's mandatory supervision. However, we do not believe that those
factual findings are sufficient to completely resolve the issues presented. Because Applicant
has stated facts requiring resolution and because this Court cannot hear evidence, it is
necessary for the matter to be remanded to the trial court for resolution of those issues. The
trial court may resolve those issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d),
in that it may order affidavits, depositions, or interrogatories from TDCJ or it may order a
hearing. In the appropriate case the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, it shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 The trial court should then make findings of fact as to when the parole revocation
warrants were withdrawn and whether these warrants were withdrawn before or after the
times spent in the intermediate sanction facility. The trial court should also make any further
findings of fact and conclusions of law it deems relevant and appropriate to the disposition
of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. The trial court shall resolve
the issues presented within 90 days of the date of this order. (1) A supplemental transcript
containing any affidavits, the transcription of the court reporter's notes from any
interrogatories or hearings held, along with the trial court's findings of fact and conclusions
of law, shall be returned to this Court within 120 days of the date of this order. (2)


 IT IS SO ORDERED THIS THE 14th DAY OF DECEMBER, 2005.





EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.